# ORIGINAL

# CV 19-3557

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

CHEN, J.

BLOOM, M.J.

MICHAEL J. KNEITEL,

**COMPLAINT**

Plaintiff.

**TRIAL BY JURY DEMAND**

YES **XXXX**   NO_____

-against-

**INDEX NO. 19-CV-_____**

**ALMARC REALTY CORPORATION,**
**KENSINGTON IMPERIAL LLC.,**
**THE LAW OFFICES OF SCOTT GROSS PC.,**
**SHEIK SADDICK**
(in his professional and individual capacity),
 (in his official and individual
capacity), **SCOTT DAVID GROSS** (in his official and
individual capacity), **JOHN AND JANE DOE** (in his/her
official and individual capacities),

**Defendant(s).**



Plaintiff in the above-captioned action alleges as follows:

## JURISDICTION.

This is a civil action seeking relief and/or damages to defend and protect the rights
guaranteed by the Constitution of the United States.  This action is brought pursuant to **42
U.S.C. §§1983**. THE FAIR HOUSING ACT,  The Court has jurisdiction over this action
pursuant to **28 U.S.C. §§1331, 1342(3) and (4) and 2201,  42 U.S.C. 3613 §813(a)(2)**.
TITLE X [Residential Lead-based paint hazard reduction act of 1992] **§ 1018. Federal
Rules of Civil Procedure Rule 11.**

### I.      PREVIOUS LAWSUITS.
**A.**      Have you begun other lawsuits in state or federal court dealing with the same
facts involved in this action or otherwise relating to your imprisonment?
YES (XX)    NO (  ).

**B.**      If your answer to A is Yes, describe the lawsuit.  If there is more than one lawsuit,
describe the additional lawsuits.

i.      **1.**      Parties to this previous lawsuit:

Plaintiffs:     **KENSINGTON IMPERIAL LLC.**

Defendant:     **MICHAEL KNEITEL, JULIA KNEITEL**

2.      Court (if federal court, name the district; if state court, name the county).

**CIVIL COURT OF THE CITY OF NEW YORK,
COUNTY OF KINGS. HOUSING TERM**

3.      DOCKET NUMBER

**L&T 98052-16**

4.      Name of Judge(s) to whom case was assigned:

**HONORABLE HANNAH COHEN**

5.      Disposition:

**CASE DISMISSED IN FAVOR OF THE DEFENDANTS**

6.      Approximate date of filing lawsuit:

**DECEMBER 2, 2016**

7.      Approximate date of disposition:

**JUNE 28, 2017**

ii.     **1.**     Parties to this previous lawsuit:

Plaintiffs:     **KENSINGTON IMPERIAL LLC.**

Defendant:     **MICHAEL KNEITEL, JULIA KNEITEL**

2.      Court (if federal court, name the district; if state court, name the county).

**CIVIL COURT OF THE CITY OF NEW YORK,
COUNTY OF KINGS. HOUSING TERM**

3.      DOCKET NUMBER

**L&T 82936-17**

4.      Name of Judge(s) to whom case was assigned:

**HONORABLE HANNAH COHEN**

**5.**     Disposition:

**CASE DISMISSED IN FAVOR OF THE DEFENDANTS**

**6.**     Approximate date of filing lawsuit:

**AUGUST 29, 2017**

**7.**     **Approximate date of disposition:**

**FEBRUARY 27, 2018**

**II.**     **PARTIES.**

**A.**          Plaintiff:     **MICHAEL KNEITEL**
Address:     450 Ocean Parkway (Apt 2D)
                   Brooklyn, New York 11218.

**B.**     Defendant:     ALMARC REALTY CORPORATION is a domestic business corporation operating in the State of New York County of Kings located at 8605 Bay Parkway, Floor #2, Brooklyn, New York 11214.

**C.**     Defendant:     KENSINGTON IMPERIAL LLC., is a domestic business corporation operating in the State of New York County of Kings located at 8605 Bay Parkway, Floor #2, Brooklyn, New York 11214.

**D.**     Defendant:     THE LAW OFFICES OF SCOTT GROSS PC., is a Domestic Professional Corporation operating in the State of New York, County of Nassau located at 400 Post Avenue, Suite 400b, Westbury, New York 11590-2226.

**E.**     Defendant:     SHEIK SADDICK is the landlord and chief operating officer of ALMARC REALTY CORPORATION and KENSINGTON IMPERIAL LLC, residing at 430 Ocean Parkway, Apt 6H, Brooklyn, New York 11218 and working at 8605 Bay Parkway, Floor #2, Brooklyn, New York 11214.

**F.**     Defendant:     JOHN & JANE DOE, are the landlords of the Property 450 Ocean Parkway, Brooklyn, New York 11218.

**G.**     Defendant:     JOHN & JANE DOE, are other owners of ALMARC REALTY CORPORATION located at 8605 Bay Parkway Floor #2, Brooklyn, New York 11214.

**H.**     Defendant:     JOHN & JANE DOE, are other owners of KENSINGTON IMPERIAL LLC., located at 8605 Bay Parkway Floor #2, Brooklyn, New York 11214.

**I.**     Defendant:     SCOTT DAVID GROSS, is an attorney from THE LAW OFFICES OF SCOTT GROSS PC., located at 400 Post Avenue, Suite 400b, Westbury, New York 11590-2226.

**III.**          **LIST OF DEFENDANTS**

**1.     ALMARC REALTY CORP.**
8605 Bay Parkway, Floor #2
Brooklyn, New York 11214

**2.     KENSINGTON IMPERIAL LLC.**
8605 Bay Parkway, Floor #2
Brooklyn, New York 11214

**3.     THE LAW OFFICES OF SCOTT GROSS PC.**
400 Post Avenue, Suite 400b
Westbury, New York 11590-2226

**4.     SHEIK SADDICK**
430 Ocean Parkway Apt 6H
Brooklyn, New York 11218

8605 Bay Parkway, Floor #2
Brooklyn, New York 11214

**5.     JOHN & JANE DOE**
8605 Bay Parkway, Floor #2
Brooklyn, New York 11214

**6.     JOHN & JANE DOE**
8605 Bay Parkway, Floor #2
Brooklyn, New York 11214

**7.     SCOTT DAVID GROSS**
400 Post Avenue, Suite 400b
Westbury, New York 11590-2226

## IV.        STATEMENT OF CLAIM.

**PRELIMINARY STATEMENT:**

This action is to vindicate the civil rights of Michael Kneitel [hereinafter referred to as the Plaintiff], a 56 year old white male, residing at 450 Ocean Parkway, Apt 2D, in Brooklyn, New York.  A residential lease was signed and an additional pet deposit was tendered.  Over time this landlord has violated the Warranty of Habitability clause of the lease thereby depriving the plaintiff of peaceful enjoyment of the apartment.  Recently, the defendants filed a frivolous lawsuit to evict plaintiff which; failed in court.  Finally, the landlord brought a non-payment action against plaintiff and agreed to repair and correct hazardous and unhealthy conditions in the apartment.  The resulting repairs by the landlords unlicensed, uninsured and, unqualified workers caused extensive damages to plaintiff's property and, landlord's failure to exterminate properly caused plaintiff to be hospitalized two times in January 2019, and requires plaintiff to undergo surgery to repair a herniated lung.

**FACTS:**

In December 2009, Plaintiff. In good faith, signed a residential lease with defendant and, was handed a document stating there was no outstanding lead based paint violations in the unit that was rented to plaintiff.  A few years later, plaintiff's daughter was diagnosed with lead-poisoning.  An NYC HPD inspection revealed the unit indeed had lead based paint present in the apartment.  NYC HPD  notified the defendant about the condition and, defendant's did nothing.  Only after plaintiff started to withhold the rent, defendant responded by starting an eviction proceeding and both sides entered into a stipulation of settlement.

Over the years, many problems came up in this apartment which; included defective refrigerator, [plaintiff ultimately replaced the refrigerator out of pocket because defendant provided a defective refrigerator which failed two days later and housed a family of mice] vermin infestation, [cockroaches and mice-the mice migrated to the warmer stove and rendered the stove unusable as the mice were using the stove as their bathroom] keyed plaster, flooding, collapsed ceiling, defective electrical outlets, and more lead based paint violations.  Plaintiff investigated and ultimately discovered there were prior outstanding lead based paint violations reported by HPD in 2008 that were uncorrected constituting Fraud on the part of the defendants.

In 2016, plaintiff adopted a dog as an emotional support animal.  The dog was notoriously conspicuous for a period greater than 3 months therefore, was legally permitted to live in the building as promulgated under the NYC Administrative Code Section 27-2009.1.  In violation of the codes and rules the landlord sought to evict. During the proceeding the plaintiff tendered a letter from a professional indicating the

plaintiff needs an emotional support animal as proscribed in the Americans with Disabilities Act of 1990. Defendants continued the eviction proceedings despite given a copy of the letter. The first proceeding ended June 28, 2017, in favor of Michael Kneitel. Defendants brought another proceeding in the NYC Housing Court to evict Michael Kneitel. Once again, the defendant's lawsuit was dismissed in favor of Michael Kneitel. However, defendant's did not pay any of Michael Kneitel's legal fees. This action violates the Americans with Civil Disabilities Act, the Fair Housing Act, and the Federal Rules of Civil Procedure Rule 11.

While the landlord was trying to evict plaintiff, the landlord refused to make repairs. Hence, plaintiff withheld the rent. Two years later, after failing to evict plaintiff through two holdover proceedings, defendant now tried to evict plaintiff for non-payment. Defendant was required to repair and sent repairman that were unlicensed, refused to show identification, uninsured and unqualified. Plaintiff refused to let the workers enter the premises to work. Housing Court Judge Hannah Cohen handed a ruling that defendant was not required to hire licensed, bonded and certified workers and, plaintiff was prohibited from barring defendant's workers from making repairs.

The results were catastrophic. The defendants workers destroyed plaintiff's personal property which; included the refrigerator plaintiff paid for out of pocket, the repairs were never completed and, the apartment is overrun with vermin that reside in all kitchen appliances [including the refrigerator], the sofa, dining room, bedroom furniture and bedding. Frequently, plaintiff and his family are awakening from a sound sleep from the feeling of cockroaches crawling on their skin.

On or about the 3 day of January 2019, plaintiff was awoken from a sound sleep and started coughing violently. After the third cough plaintiff felt something rip on the side of his body. Plaintiff then screamed out in extreme pain and found cockroaches on the bed. Plaintiff was hospitalized two times in January and diagnosed with a herniated lung. Furthermore, a follow-up visit revealed that plaintiff needs surgery to correct the injury.

Plaintiff sent a letter of demand to the defendant which; was ignored. Plaintiff brought back defendant to housing court for failure to make repairs and damages. Judge Hannah Cohen ruled that damages medical expenses cannot be granted in housing court.

## COUNT I:  FRAUD UNDER THE LEAD PAINT REDUCTION ACT 1992

Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs above with the same force and effect as if herein set forth. At all times relevant herein, the conduct of all Defendants were subject to the Lead Paint Reduction Act of 1992.

    (a)    Defendants tendered a document knowingly and willingly with the intent to defraud plaintiff into believing the apartment was fully suited to be rented when in fact it was not only illegal to tender such a document but to

knowingly and willfully rent and apartment with existing open lead-based paint violations.

**WHEREFORE**, Plaintiff demands judgment, including interest, jointly and severally against Defendants in the amount of $1,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $1,000,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT II: BREACH OF WARRANTY OF HABITABILITY

Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs above with the same force and effect as if herein set forth. At all times relevant herein, the conduct of all Defendants were subject to 42 U.S.C. secs. 1983, 1985, 1986, and 1988.

(a) Defendant's acted deliberately and maliciously with intent to cause physical emotional and economic damage and, to deprive plaintiff a citizen of the United States with the rights, privileges and immunities by knowingly and willfully failing to keep the apartment in a condition suitable for human habitation.

(b) Defendant's acted deliberately and maliciously with intent to cause physical emotional and economic damage by knowingly and willfully employing workers without certification, insurance and common knowledge which; caused the destruction of plaintiffs property.

**WHEREFORE**, Plaintiff demands judgment, including interest, jointly and severally against Defendants in the amount of $1,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $1,000,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT III. VIOLATION OF THE FAIR HOUSING ACT

Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs above with the same force and effect as if herein set forth. At all times relevant herein, the conduct of all Defendants were subject to 42 U.S.C. secs. 1983, 1985, 1986, and 1988. 28 U.S.C. §§1331, 1342(3) and (4) and 2201.

(a) Defendant's acted deliberately and maliciously with intent to cause physical emotional and economic damage and, to deprive plaintiff a citizen of the United States with the rights, privileges and immunities by knowingly and willfully bringing not one but two proceeding in housing court to evict a citizen of the United States of America protected by the American with Civil Disabilities Act.

7

*WHEREFORE*, Plaintiff demands judgment, including interest, jointly and severally against Defendants in the amount of $1,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $1,000,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT IV.  VIOLATION OF RULE 11 OF THE FRCP

Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs above with the same force and effect as if herein set forth. At all times relevant herein, the conduct of all Defendants were subject to 42 U.S.C. secs. 1983, 1985, 1986, and 1988. Federal Rules of Civil Procedure Rule 11.

    (a)    Defendant's acted deliberately and maliciously with intent to cause physical emotional and economic damage and, to deprive plaintiff a citizen of the United States with the rights, privileges and immunities by knowingly and willfully filing not one but two frivolous lawsuits.

*WHEREFORE*, Plaintiff demands judgment, including interest, jointly and severally against Defendants in the amount of $1,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $1,000,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT V: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs above with the same force and effect as if herein set forth.

Defendants intentionally and deliberately inflicted emotional distress on plaintiff by maliciously prosecuting plaintiff, or by abusing the lawful process by unlawful purpose, or by violating plaintiff's constitutional rights, or by falsely tendering a document known to be false regarding the suitability of the apartment, by failing to maintain the warranty of habitability, by destroying plaintiff's property and violating his rights as a protected person through the threat of eviction, by conspiring against plaintiff, or by interfering with plaintiff's state civil rights by threats, coercion, or intimidation, or knew or should have known that emotional distress was the likely result of their conduct.

Defendants conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community.

The actions of the Defendants were the cause of plaintiff's distress.

Plaintiff is a reasonable man.

The emotional distress sustained by plaintiff was severe and of a nature that no reasonable man could be expected to endure.

As a result of the Defendants' extreme and outrageous conduct, Plaintiff was, is, and, with a high degree of likelihood, will continue to be emotionally distressed due to the intentional exclusion.

As a result of the Defendants' extreme and outrageous conduct, plaintiff has suffered and will continue to suffer mental pain and anguish, severe emotional trauma, embarrassment, and humiliation.

***WHEREFORE***, Plaintiff demands judgment, including interest, jointly and severally against Defendants in the amount of $1,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $1,000,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT VI: RESERVED FOR NEGLIGENCE
**(until 6 months after presentment)**

Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs above with the same force and effect as if herein set forth.

Defendants owed a duty to supervise or maintain the property and to take steps to prevent events such as occurred here, to wit, the NYC HPD list of violations including but not limited to lead based paint, vermin infestation code violations etc.

Defendants owed a duty to act according to the standard of ordinary care and responsibility not to file a frivolous lawsuits which was the proximate cause of Plaintiff's injury.

***WHEREFORE***, Plaintiff demands judgment against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $1,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $1,000,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT VII: RESERVED FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
**(until 6 months after presentment)**

Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs above with the same force and effect as if herein set forth.

Defendants continually negligently inflicted emotional distress on the Plaintiffs.

Defendants had a continuing affirmative duty to perform their professional services in such a manner as not to inflict emotional distress on the Plaintiffs.

Defendants breached their duties to the plaintiffs.

The plaintiff never interfered with the defendants' obligations under the above-described duties.

Plaintiff suffered not only physical symptomatologies but also, as a consequence of the physical injury, mentally by Defendants' breach of duty.

Plaintiff was, is, and, with a high degree of likelihood, will continue to be inflicted with emotional distress due to the negligence of Defendants.

As a result of the Defendants' negligent conduct, plaintiff has suffered and will continue to suffer physical symptomatolo-gies, pain, anguish, severe emotional trauma, embarrassment, and humiliation.

*WHEREFORE*, Plaintiff demands judgment, including interest, jointly and severally against Defendants in the amount of $1,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $1,000,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

**SIGNED THIS 13 DAY OF JUNE 2019. I DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING IS TRUE.**


**MICHAEL J. KNEITEL**
**450 OCEAN PARKWAY (APT 2D)**
**BROOKLYN, NEW YORK 11218**