UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
MICHAEL J. KNEITEL,

                Plaintiff,

- against -

ALMARC REALTY CORPORATION;
KENSINGTON IMPERIAL LLC;
THE LAW OFFICES OF SCOTT GROSS PC;
SHEIK SADDICK, in his professional and
individual capacity; SCOTT DAVID GROSS,
in his official and individual capacity; and
JOHN and JANE DOE, in his/her official and
individual capacities,

                Defendants.
----------------------------------------------------------x

**NOT FOR PUBLICATION**

**MEMORANDUM & ORDER**
19-CV-3557 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

      Plaintiff Michael J. Kneitel, proceeding *pro se*, filed the instant complaint on June 13, 2019. (Dkt. 1.) Plaintiff's request to proceed *in forma pauperis* ("IFP") is granted for the limited purpose of this Order.[1] The Court dismisses all of Plaintiff's claims, but grants him thirty (30) days to file an amended complaint setting forth any plausible claims under the Residential Lead-Based Paint Hazard Reduction Act, the Fair Housing Act, and/or the Americans with Disabilities Act.

## BACKGROUND

      Plaintiff describes years of conflict with his landlord involving unsafe living conditions, including un-remediated lead paint, repairs that caused damage to Plaintiff's property, and unpaid

---

[1] According to his application to proceed IFP, Plaintiff is employed, has monthly expenses exceeding his income, and has $1,200 in banking accounts. (Dkt. 2.) He also states that he has $5,800 arrears in child support and $10,000 arrears in rent. (*Id*.) In a previous proceeding, the Court directed Plaintiff to file a long form application, and, when Plaintiff failed to comply, dismissed that action. *See Kneitel v. Perez, et al.*, 17-CV-2314-PKC-LB.

1

rent. (Complaint, Dkt. 1, at 5–6.)[2] Plaintiff and his landlord have litigated multiple issues in New York City Housing Court. (*Id.*) One of these issues relates to Plaintiff's adoption of an emotional support animal in 2016. (*Id.* at 5.) When his landlord sought to evict Plaintiff on this basis, Plaintiff "tendered a letter from a professional indicating the [P]laintiff needs an emotional support animal as proscribed in the Americans with Disabilities Act of 1990." (*Id.* at 6.) The parties litigated this issue in Housing Court, through two separate eviction proceedings, both of which were decided in Plaintiff's favor. (*Id.*) Defendants also tried to evict Plaintiff for non-payment of rent. (*Id.*) While these eviction proceedings were pending, Plaintiff's landlord sent unlicensed workers to make repairs in his apartment who caused "catastrophic" damage to his property and caused the apartment to be overrun with vermin. (*Id.*) On January 3, 2019, Plaintiff coughed violently, experienced extreme pain, and was later diagnosed with a herniated lung that required surgery to repair. (*Id.*) Plaintiff asserts that the injury was caused by the presence of cockroaches in the apartment and in his bed. (*Id.*) Plaintiff sued Defendants in Housing Court for failure to make repairs, but the Housing Court refused to award Plaintiff damages for his medical expenses. (*Id.*)

Liberally construed, Plaintiff's complaint asserts seven claims against Defendants, including claims under the "Lead Paint Reduction Act of 1992" ("RLPHRA[3]"), the Fair Housing

---

[2] The facts set forth in this section are based on the allegations in the complaint, which the Court accepts as true for purposes of this Order. *See Lawrence v. Suffolk Cty. Police Dep't*, No. 13-CV-2357 (JS) (WDW), 2013 WL 3364344, at *1 (E.D.N.Y. June 28, 2013) (noting that "in reviewing a *pro se* case for *sua sponte* dismissal, a court should assume that all allegations contained in the complaint are true") (citing *Malcolm v. Honeoye Falls Lima Cent. Sch. Dist.*, 517 F. App'x 11, 12 (2d Cir. 2013) (summary order)).

[3] The Court assumes that Plaintiff is referencing the Residential Lead-Based Paint Hazard Reduction Act, also known as Title X of the Housing and Community Development Act of 1992. *See Sweet v. Sheahan*, 235 F.3d 80, 83–84 (2d Cir. 2000).

Act ("FHA"), Federal Rule of Civil Procedure 11 ("Rule 11"), the Americans with Disabilities Act ("ADA"), and various state law claims. (*Id.* at 6–10; *see id.* at 6 ("However, [D]efendant[s] did not pay any of [Plaintiff]'s legal fees. This action violates the Americans with Civil Disabilities Act [*sic*], the Fair Housing Act, and the Federal Rules of Civil Procedure Rule 11."); *id.* at 7 (Defendants intentionally harmed Plaintiff, "a citizen of the United States with the rights, privileges and immunities[,] by knowingly and willfully bringing not one but two proceeding[s] in housing court to evict a citizen of the United States of America protected by the Americans with Civil Disabilities Act [*sic*].").) Plaintiff demands $1 million in damages on each of his seven asserted causes of action. (*Id.* at 10.)

## LEGAL STANDARD

Pursuant to the *in forma pauperis* statute, this Court must dismiss a case if the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

3

At the same time, "document[s] filed *pro se* [are] to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations and citations omitted). "Nonetheless, a *pro se* plaintiff is not exempt from compliance with relevant rules of procedural and substantive law." *McCrary v. Cty. of Nassau*, 493 F. Supp. 2d 581, 584 (E.D.N.Y. 2007) (citing *Faretta v. California*, 422 U.S. 806, 834 n.36 (1975)). "[A] plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 555 (2007) (quotations, brackets, and citation omitted).

Lastly, if a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must give the plaintiff an opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotations and citation omitted).

## DISCUSSION

### I. Claims under the Residential Lead-Based Paint Hazard Reduction Act

Plaintiff alleges that Defendants committed "fraud" under the RLPHRA by "tender[ing] a document knowingly and willingly [*sic*] with the intent to defraud [P]laintiff into believing the apartment was fully suited to be rented" even though an inspection later revealed that the apartment contained lead paint. (Complaint, Dkt. 1, at 5, 6–7.) Regulations promulgated under RLPHRA require landlords to disclose the existence of lead-based paint hazards in privately owned housing that is sold or leased. *See G.M.M. v. Kimpson*, 92 F. Supp. 3d 53, 70 (E.D.N.Y. 2015). "Any person who knowingly violates [these regulations] shall be jointly and severally liable to the purchaser or lessee in an amount equal to 3 times the amount of damages incurred by such

individual." *Id.* at 71 (quoting 42 U.S.C. § 4852d(b)(3)). "Knowingly is to be construed as meaning that the defendant was aware of his or her conduct and that defendant did not perform it merely through ignorance, mistake or accident." *Id.* (internal quotations and citations omitted). To state a claim under this provision, "a plaintiff must show that: (1) She or he was a lessee; (2) Defendant was a lessor who failed to make the proper disclosures; (3) [t]he leased property was target housing; and (4) [t]he lease contract was signed after the regulations were effective." *Id.* at 72 (internal quotations and citations omitted). "'Target housing' refers to any housing constructed before 1978." *Id.* at 70 (quoting 24 C.F.R. § 35.86; 40 C.F.R. § 745.103). Plaintiff has not alleged any facts upon which the Court can infer that his apartment was constructed before 1978, one of the required elements for a claim under RLPHRA. Accordingly, Plaintiff's claim under RLPHRA is dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.   Claims under the Fair Housing Act

Plaintiff alleges that Defendants violated the FHA "by knowingly and willfully bringing not one but two proceedings in housing court to evict a citizen of the United States of America protected by the American[s] with Civil Disabilities Act [*sic*]." (Complaint, Dkt. 1, at 7.) The FHA, 42 U.S.C. §§ 3601, *et seq.*, forbids discrimination in housing on the basis of, *inter alia*, disability.[4] Specifically, Section 3604(f) makes it unlawful "[t]o discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of . . . that buyer or renter," or "[t]o discriminate against any person in the terms, conditions, or

---

[4] The FHA applies to private landlords, as well as to providers of public housing. *Cf. Quow v. Wallach*, No. 16 CIV. 3947 (AMD), 2016 WL 4099107, at *2 (E.D.N.Y. Aug. 2, 2016) (noting that as private landlords, defendants could still be held liable under the FHA). Therefore, Plaintiff's reference to, and reliance on, 42 U.S.C. § 1983 is unnecessary. *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (noting that to state a claim under § 1983, a plaintiff must allege, *inter alia*, that the "the conduct complained of [was] committed by a person acting under color of state law").

privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of . . . that person." 42 U.S.C. § 3604(f)(1)–(2). The FHA also prohibits refusing "to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B)(ii).

To allege a failure to accommodate claim under the FHA, a plaintiff must show that "(1) [he] is disabled within the meaning of the FHA, (2) the defendant knew or should have known of this fact, (3) an accommodation may be necessary to afford [him] an equal opportunity to use and enjoy the dwelling; (4) such accommodation is reasonable; and (5) the defendant refused to make the requested accommodation." *Tuman v. VL GEM LLC*, No. 15-CV-7801 (NSR), 2017 WL 781486, at *5 (S.D.N.Y. Feb. 27, 2017) (emphasis omitted) (citing *Austin v. Town of Farmington*, 826 F.3d 622, 627 (2d Cir. 2016)). To be considered disabled under the FHA, a plaintiff must show that: (1) he suffers from "a physical or mental impairment which substantially limits one or more of such person's major life activities;" (2) he has "a record of having such an impairment;" or (3) he is "regarded as having such an impairment." 42 U.S.C. § 3602(h). Though Plaintiff has alleged that he provided Defendants with a letter from "a professional" regarding Plaintiff's need for an emotional support animal (Complaint, Dkt. 1, at 5–6), he does not allege that he has a disability as defined by the FHA, that an accommodation was necessary and reasonable, or that defendants have refused to accommodate any such disability. Accordingly, Plaintiff's claims under the FHA are dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. Claims under the Americans with Disabilities Act

In construing Plaintiff's *pro se* complaint liberally, the Court considers whether Plaintiff states a claim under the ADA. Title II of the ADA, 42 U.S.C. §§ 12101 *et seq.*, provides that "no

qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. A "public entity" is defined in the ADA as "a state or local government," or "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1)(a)–(b). Similarly, Title III of the ADA prohibits disability discrimination in "places of public accommodation."

Plaintiff has failed to allege that his apartment is a public accommodation under the ADA. *See Reid v. Zackenbaum*, No. 05-CV-1569 (FB), 2005 WL 1993394, at *4 (E.D.N.Y. Aug. 17, 2005) ("A residential facility, such as an apartment, is not a public accommodation under the ADA."). Likewise, he has failed to allege that Defendants are officials of a public entity. *See id.* at *5 (dismissing ADA claim when a plaintiff's "complaint does not allege whether he resided in public housing, and whether his landlord's actions were taken in his official capacity on behalf of the New York City Housing Authority [], which is a public entity under the ADA."). Furthermore, Title III of the ADA does not provide for a private cause of action for damages. *See* 42 U.S.C. § 12188(a)(1) (making the same remedies available under Title III of ADA as under Title II of Civil Rights Act of 1964); *Powell v. National Bd. of Medical Examiners*, 364 F.3d 79, 86 (2d Cir. 2004) ("A private individual may only obtain injunctive relief for violations of a right granted under Title III; he cannot recover damages."). Accordingly, Plaintiff's ADA claims are dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

### IV.    Claims Under Federal Rule of Civil Procedure 11

Plaintiff also alleges a claim under Rule 11 of the Federal Rules of Civil Procedure because Defendants "knowingly and willfully fil[ed] not one but two frivolous lawsuits." (Complaint, Dkt.

1, at 8.) "An attorney violates Rule 11(b) by filing a pleading for an improper purpose or presenting a frivolous legal claim or facts that lack evidentiary support." *Banus v. Citigroup Glob. Markets, Inc.*, 757 F. Supp. 2d 394, 400 (S.D.N.Y. 2010). However, even assuming *arguendo* that Defendants' lawsuits were frivolous, Plaintiff's claim fails because state court filings are not subject to Rule 11. *See Mareno v. Jet Aviation of Am., Inc.*, 970 F.2d 1126, 1128 (2d Cir. 1992) ("The Second Circuit has noted that Rule 11 has no retrospective application to a complaint filed in state court even if the action subsequently is removed to federal court."). Accordingly, Plaintiff's Rule 11 claim is dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

## V. State Law Claims

Having dismissed all of Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's claims arising under New York state law. *See* 28 U.S.C. § 1367(c)(3). Where "federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003) (internal citation omitted); *see also Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial the state claims should be dismissed as well."). Accordingly, this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, and dismisses them without prejudice, pursuant to 28 U.S.C. § 1367(c)(3).

## CONCLUSION

Plaintiff's federal law claims are dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3)

that any appeal would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

In light of this Court's duty to liberally construe *pro se* complaints, *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000), the Court grants Plaintiff thirty (30) days to file an amended complaint. If Plaintiff has a genuine basis for claims under the Residential Lead-Based Paint Hazard Reduction Act, the Fair Housing Act, and/or the Americans with Disabilities Act, he should provide specific facts in support of such claims. The Court will not permit Plaintiff to amend his complaint with respect to any Rule 11 claim, which would be futile. *See Cuoco*, 222 F.3d at 112 ("The problem with [Plaintiff]'s causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied.").

All further proceedings shall be stayed for thirty (30) days or until further Order of the Court. If Plaintiff fails to file an amended complaint within the time allowed, the Court will enter judgment dismissing this action.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: June 28, 2019
    Brooklyn, New York